[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES
In this action alleging contamination violations of the Environmental Protection Act, defendants have filed in its amended answer six "Affirmative Defenses", summarized as follows:
First: Act of God or violations caused by third parties
Second: Damage caused by others
Third: Harm caused by various parties not capable of reasonable division
Fourth: Liability of individual defendants should be apportioned
Fifth: Named individual defendants did not cause alleged damages
Sixth: Any negligence of individual defendants was passive rather than active
Plaintiff has moved to strike these special defenses because they are insufficient or irrelevant.
As to the second, third and fifth affirmative defenses, the statutory basis of this action is not based on negligence or fault but rather on the liability provisions of Sec. 22a-430. Accordingly, `acts of God' are not a defense to a failure to comply with a water discharge permit.Holbrook v. Devcon Enterprises, Inc., Superior Court, judicial district of Hartford, Docket No. 567376 (December 31, 1997, Devlin, J.) (20 Conn. L. Rptr. 670)
As to the Fourth Affirmative Defense, i.e., that their liability should be proportionate to their contribution to alleged contamination. This is not a proper defense because the special defense, as pleaded, fails to comply with the rules of practice because it asserts no facts but instead makes only a legal claim. Practice Book § 10-1. Ayala v. L.B.I.Acquisition Corp., Superior Court, judicial district of New Haven, Docket CT Page 1893 No 417420 (October 1, 1999, Devlin, J.)
Further, the defendants are being sued for violation of a strict liability statue. Therefore any violation of these statutes alone is sufficient to prove liability. Holbrook v. Devcon Enterprises, Inc.,Supra
Likewise the sixth affirmative defense does not adequately allege a special defense, since it fails to plead facts that show that the plaintiff has no cause of action for reasons other than the inaccuracy of the facts alleged in the complaint. Practice Book § 10-50. Here no facts have been alleged at all. See Ayala v. L.B.I. Acquisition Corp.Supra.
The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Jane doe v. Oliver et al., Superior Court, judicial district of Waterbury, Docket No. 151679 (March 7, 2000,Pellegrino, J.)
Motion to strike special defenses granted
 ___________________ Wagner J. TJR